```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA        :
                                :       ORDER
v.                              :
                                :       18 CR 877 (VB)
HARBIR PARMAR,                  :
                  Defendant.    :
--------------------------------------------------------x
```

By letter dated May 4, 2020 (which will be separately docketed), defendant Harbir Parmar moves for a reduction of sentence pursuant to 18 U.S.C. §§ 3582(c)(1)(A)(i) and 4205(g). The Court has also received an undated letter from defendant's sister in support of his application, which the Court will also separately docket.

Section 4205(g). This statute, which has been repealed, applies only to defendants who committed their offense prior to November 1, 1987. It does not apply in this case.

Section 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) authorizes the Court to reduce a term of imprisonment previously imposed for "extraordinary and compelling reasons." However, the statute contains an explicit exhaustion requirement that must be complied with prior to the filing of such a motion: "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction."

Defendant claims that he "filed with the Warden David E. Ortiz for placement of Compassionate Release in pursuant to Executive Cares Act of 2020, as to COVID 19 virus, only to be ignored." (Letter at p. 9). Defendant does not say exactly what he "filed" with the warden

1

or when he filed it, and does not attach a copy of any communication with the warden.  Nor does defendant state whether he has exhausted his administrative rights.  Thus, the Court cannot conclude that defendant exhausted his administrative rights under Section 3582(c)(1)(A) prior to submitting the instant letter-motion. The Court does not have the power to waive the exhaustion requirement.  See, e.g., United States v. Ogarro, 2020 WL 1876300, at *3-5 (S.D.N.Y. Apr. 14, 2020);  United States v. Roberts, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020).

By May 22, 2020, the government shall advise the Court in writing whether it is willing to waive Section 3582(c)(1)(A)'s exhaustion requirement in this case.  If the government is not willing to waive, the Court will deny the Section 3582(c)(1)(A)(i) motion without prejudice to re-filing after defendant demonstrates that the exhaustion requirement has been satisfied.

Chambers will mail a copy of this Order to defendant at the following address:

Harbir Parmar
Reg. No. 86212-054
P.O. Box 2000
FCI Fort Dix
Joint Base MDL, NJ 06840

Dated:  May 15, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge