UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :
                                             :
v.                                           :     **ORDER**
                                             :
                                             :     18 CR 877 (VB)
HARBIR PARMAR,                               :
                         Defendant.          :
--------------------------------------------------------------x

By letter dated December 2, 2020, defendant Harbir Parmar seeks "Emergency Reconsideration in respect to 'Compassionate Release,'" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)," based on the assertion that the COVID-19 virus is spreading rapidly at FCI Fort Dix, where he is being held. Parmar claims he is not seeking a reduction of his term of imprisonment, but rather is seeking to be released to home confinement in lieu of being transferred to a Bureau of Prisons ("BOP") Residential Re-entry Center as scheduled on March 2, 2021. (Doc. #41).

The application is DENIED.

This is the fourth time Parmar has asked to be released from prison early. On July 6, 2020, the Court denied his motion for a reduction of sentence under Section 3582(c)(1)(A)(i) for multiple reasons, which do not need to be repeated at length here. (Doc. #37). In essence, the motion was denied because Parmar's offenses were exceptionally serious, there was no credible indication in his medical records or otherwise that he was at heightened risk of contracting the virus or developing serious complications if he did, and all of the sentencing factors set forth in 18 U.S.C. § 3553(a) cut against an early release.

On July 13, 2020, the Court denied Parmar's motion for reconsideration. (Doc. #38). On November 2, 2020, the Court denied Parmar's renewed motion for a reduction of sentence. (Doc. #39). On November 23, 2020, the Court denied Parmar's second renewed motion for a reduction of sentence. (Doc. 40).

Although Parmar now claims he is not seeking an early release, that is in fact what he is seeking. Although the Bureau of Prisons has the authority to permit an inmate to finish a sentence in home confinement under 18 U.S.C. § 3624(c)(2), the Court does not have the authority to transfer Parmar to home confinement, <u>except</u> when reducing a term of imprisonment pursuant to Section 3582(c)(1)(A)(i). <u>See</u> <u>United States v. Ogarro</u>, 2020 WL 1876300 (S.D.N.Y. Apr. 14, 2020). Nothing, of course, prevents Parmar from seeking relief from the BOP under Section 3624(c)(2).

But insofar as Section 3582(c)(1)(A)(i) is concerned, there is no basis for releasing Parmar to home confinement on March 2, 2021, or now.

First, the Court finds that Parmar has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief being sought. He is mildly obese, but is otherwise

1

young and healthy (except for orthopedic issues which do not suggest he is at risk of heightened complications if he were to contract the virus).

Second, the conditions at FCI Fort Dix are not nearly as dire as Parmar alleges. According to recent information reported by the BOP, the vast majority of infected inmates at Fort Dix have recovered from the virus, and there have been no staff or inmate deaths. See BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last visited December 31, 2020).

Moreover, and most importantly, the Court has once again considered the Section 3553(a) factors to the extent they are applicable. The exceptionally serious nature of Parmar's offenses warranted a 36-month prison sentence at the time sentence was imposed; it still does. To reduce Parmar's sentence in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law. And shortening Parmar's sentence would also undermine another critical sentencing objective in this case: the need for the sentence imposed to afford adequate deterrence to criminal conduct. These sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Parmar's early release.

Accordingly, Parmar's latest application is DENIED.

A final note. It is clear to the Court that Parmar has never fully accepted responsibility for the appalling behavior that led to his conviction in the first place. Nor has he ever taken seriously the lifelong harmful impact his behavior has had on his victim. Instead, Parmar has focused exclusively on the impact his conviction has had on him. To be clear, the Court is far less concerned about the impact on Parmar than it is about the impact on the victim.

Chambers will mail a copy of this Order to defendant at the following address:

Harbir Parmar
Reg. No. # 86212-054
P.O. Box 2000
FCI Fort Dix
Joint Base MDL, NJ  08640

Dated: December 31, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge